# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW P. CLAPPER, | ) |
| | ) Civil Action No. 13-cv-1629 |
| Petitioner, | ) |
| | ) |
| v. | ) United States Senior District Judge |
| | ) Maurice B. Cohill |
| BRIAN THOMPSON, et al., | ) |
| | ) United States Magistrate Judge |
| Respondents. | ) Cynthia Reed Eddy |
| | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied. It is further recommended that there is no basis upon which to grant a certificate of appealability.

**II.    REPORT**

Petitioner, Matthew P. Clapper, a state prisoner incarcerated at the State Correctional Institution at Mercer County, Pennsylvania has petitioned for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in connection with the denial of reparole by the Pennsylvania Board of Parole and Probation (the "Parole Board"). For the reasons that follow, it is recommended that the petition be denied.

A.  Relevant Factual and Procedural History

On July 5, 2000, Petitioner was sentenced "to a term of incarceration of not less than fifty months nor more than one hundred months" in connection with his conviction for statutory sexual assault and aggravated indecent assault. (ECF No. 4-1, page 1). On October 18, 2000,

Petitioner was sentenced "to a term of incarceration of not less than seventy-two months nor more than one hundred and forty four months" in connection with his conviction for aggravated assault, two counts of simple assault, and two counts of recklessly endangering another person. (ECF No. 4-2, page 1). In sum, Petitioner's effective minimum date of release was January 20, 2010, and Petitioner's effective maximum date for release is March 20, 2020. (ECF No. 4-3, page 1).

After Petitioner reached his minimum date of incarceration, he was considered for parole. Following an interview and a review of Petitioner's file, Petitioner's first application for parole was denied by the Parole Board on September 25, 2009. (ECF No. 7-1, page 6). The next year, Petitioner was again reviewed for parole; on this occasion the Parole Board granted parole. (ECF No. 7-1, page 9). Petitioner was paroled to a Community Corrections Residency on February 17, 2011. (ECF No. 4, page 2). However, by March 22, 2011, Petitioner "was returned to State Correctional Institution Albion, from the Community Correction Residency as a Technical Parole Violator, for possession of a[n] adult magazine." *Id*. "Petitioner pled guilty to the violation and expected the 18 months backtime hit, and [was] satisfied with the sentence." (ECF No. 4, page 4). On May 18, 2011, the Parole Board formally revoked Petitioner's parole. The Parole Board reasoned:

> The Board finds that diverting you from confinement at this time poses an undo [sic] risk to the public safety . . . . for multiple technical parole violations . . . failure to successfully complete the Erie Community Corrections Residency . . . failure to refrain from possessing . . . sexually explicit [materials] . . . [and] early failure on parole. . . . While confined, you must comply with the institution's prescriptive program requirements and have no misconducts. You must participate in sex offender treatment.

(ECF No. 7-1, page 13). The revocation document mandated a minimum of "18 months backtime." *Id*.

Since the end of the 18 month backtime period, Petitioner has been considered for reparole on two occasions. On both June 27, 2012, and July 3, 2013, the Parole Board denied Petitioner's application for reparole. (ECF No. 7-1, page 16 and 19). The Parole Board enumerated the factors which they considered in denying reparole "following an interview with [Petitioner] and a review of [Petitioner's] file." *Id*.

> Your Risk and needs assessment indicating your level of risk to the community.
>
> The negative recommendation made by the Department of Corrections.
>
> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.

*Id*.

Petitioner commenced the present action on November 13, 2013, pursuant to 28 U.S.C § 2241 by filing a petition for writ of habeas corpus. He contends that the Parole Board has denied him reparole in violation of his due process rights. He seeks an order from this Court ordering the Parole Board to immediately reinstate Petitioner's parole. Respondents have filed an Answer and Brief in opposition (ECF Nos. 7 and 8) in which they argue that Petitioner's claims are meritless. Petitioner did not file a Reply. See Local Rule 2254(E)(2) (a petitioner "may file a Reply . . . within 30 days of the date the respondent files its Answer.").

B. Review of Petitioner's Claims

Initially, the Court notes that although Petitioner filed his Petition pursuant to 28 U.S.C. § 2241, the Court must construe the Petition as being filed under 28 U.S.C. § 2254 because Petitioner is a person in custody pursuant to the judgment of a State court:

> The question of whether a petitioner can proceed under § 2241, as opposed to § 2254, is a significant one. Section 2241 does not include the one-year limitations period of § 2244(d)(1); the extremely deferential review standards of § 2254(d)(1), (2); or the limitation on successive petitions in § 2244(b)(2). A petitioner proceeding under § 2241, therefore, does not need to overcome these procedural hurdles . . . .
>
> The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, <u>§ 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention. Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the judgment of a state court</u>. . . . If, however, the petitioner is in custody pursuant to something other than a judgment of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction), he made proceed under 28 U.S.C. § 2241.

Frost v. SCI Albion, 2011 WL 4502835, *3 (W.D. Pa. Sept. 28, 2011) (quoting Brian R. Means, Federal Habeas Manual § 1:34 (July 2011) (emphasis in original), citing, inter alia, Coady v. Vaughn, 251 F.3d 480, 484–85 (3d Cir. 2001)). ("It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. . . . In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody . . . . applying the 'specific governs the general' canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence."); and, Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.' ").

Next, the Court notes that a federal court generally may not grant habeas relief to a state prisoner unless the prisoner has fully exhausted available state court remedies. 28 U.S.C. §

2254(b); Cullen v. Pinholster, ⎯⎯ U.S. ⎯⎯ (2011); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). However, where a petitioner raises a constitutional challenge to a decision denying him or her parole in Pennsylvania, there often is no available state court remedy. See Defoy v. McCullough, 393 F.3d 439, 443–45 (3d Cir. 2005) (noting "a hesitance on the part of the Pennsylvania Supreme Court to permit a writ of mandamus to review the denial of parole"). Only one type of constitutional challenge to a parole denial claim is subject to mandamus review in Pennsylvania courts: alleged violations of the Ex Post Facto Clause. See Parker v. Kelcher, 429 F.3d 58, 61 (3d Cir. 2005); Defoy, 393 F.3d at 445. Claims alleging violation of the Ex Post Facto Clause must be exhausted before they are raised in federal habeas proceedings. Defoy, 393 F.3d at 445. For all other federal constitutional claims arising from parole denials, there is no need to pursue relief in Pennsylvania state courts before filing a federal habeas petition. Defoy, 393 F.3d at 445. In the case sub judice, because Petitioner challenges the denial of reparole on grounds other than ex post facto violations, thus, the exhaustion requirement is excused.

The Court will now turn to the merits of Petitioner's claims.

Petitioner claims that his right to Due Process was violated under the Fifth and Fourteenth Amendments to the United States Constitution. Petitioner claims that his procedural due process rights were violated by the Parole Board decision denying reparole. Petitioner also claims that his substantive due process rights were violated when the Parole Board denied reparole "[arbitrarily] . . . to circumvent the parole violation guidelines." (ECF No. 4, page 8). As such, Petitioner petitions this Court to "order the Board to immediately reinstate petitioner's parole." *Id*.

1. Procedural Due Process

The Court finds that the Parole Board did not violate Petitioner's procedural due process rights under the Due Process Clause of the United States Constitution. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972). "That a state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained . . . a hope which is not protected by due process." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979) (internal citations omitted). Because Pennsylvania affords the opportunity of parole, a prisoner is therefore afforded the right to apply for parole and have that application considered. 61 Pa. C.S. § 6139. Refusal to *grant* parole is not a protected liberty interest under the Fourteenth Amendment. Greenholtz, 442 U.S. at 11.

Petitioner was granted parole on October 21, 2010. (ECF No. 7-1, page 9). Petitioner was released to a Community Corrections Center on February 17, 2011. (ECF No. 4 page 2). Parole was terminated, however, on May 18, 2011, for "failure to successfully complete the Erie Community Corrections Residency . . . [and] failure to refrain from possessing . . . sexually explicit [materials]." (ECF No. 7-1, page 13). Petitioner was then denied reparole on two subsequent occasions, June 27, 2012, and July 3, 2013. (ECF No. 4, page 3). Each of those two denials were decided "following an interview with [Petitioner] and a review of [Petitioner's] file, and having considered all matters required pursuant to the Board of Probation and Parole." (ECF No. 7-1, pages 16 and 19). Petitioner's procedural due process rights have not been implicated by the Board's actions. As such, the Court finds that Petitioner is not entitled to relief on this claim.

2. <u>Substantive Due Process</u>

The Court also finds that the Parole Board did not violate Petitioner's substantive due process rights under the Due Process Clause of the United States Constitution. Although a prisoner does not have a liberty or property interest in parole for the purposes of procedural due process under <u>Greenholtz</u>, "once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." <u>Block v. Potter</u>, 631 F.2d 233, 236 (3d Cir. 1980). "Constitutionally impermissible reasons" are easily identified, such as reasons which would violate the Equal Protection Clause, denials based on race, or denials based on a prisoner's exercise of his Constitutional rights. *See* <u>Burkett v. Love</u>, 89 F.3d 135, 140 (3d Cir. 1996). "Arbitrary" reasons "required in order to find a substantive due process violation involve[e] not merely action that is unreasonable, but, rather, something more egregious, which [the United States Court of Appeals for the Third Circuit] ha[s] termed at times 'conscience shocking' or 'deliberately indifferent.'" <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 246-47 (3d Cir. 2002). "[F]ederal courts, on habeas review, are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for the challenged decision." *Id*. at 246 (quoting <u>Coady v. Vaughn</u>, 2514 F.3d 480, 487 (3d Cir. 2001)).

Petitioner does not allege that the Parole Board denied his reparole based on a constitutionally impermissible reason. Instead, Petitioner alleges that the Parole Board denied reparole "[arbitrarily] . . . to circumvent the parole violation guidelines." (ECF No. 4, page 8). To wit, Petitioner claims that in denying reparole on both relevant occasions, the Parole Board "arbitrarily states mitigating and a[g]gravating circumstances they sandbagged from the revocation hearing." (ECF No. 4, page 6). In other words, Petitioner argues that the Parole

Board, in deciding to deny Petitioner's reparole, considered factors that the Board had not stated to be the cause of their revocation of Petitioner's parole.

The Parole Board stated the following in its revocation of parole:

> The Board finds that diverting you from confinement at this time poses an undo [sic] risk to the public safety . . . . for multiple technical parole violations . . . failure to successfully complete the Erie Community Corrections Residency . . . failure to refrain from possessing . . . sexually explicit [materials] . . . [and] early failure on parole. . . .

(ECF No. 7-1, page 13). The Board went on to instruct Petitioner as to how to conduct himself while re-incarcerated: "While confined, you must comply with the institution's prescriptive program requirements and have no misconducts. You must participate in sex offender treatment." *Id*.

In the Parole Board's denials of reparole to Petitioner, the Parole Board cites additional factors which contributed to their denial of his reparole. These factors included:

> Your Risk and needs assessment indicating your level of risk to the community.
>
> The negative recommendation made by the Department of Corrections.
>
> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.

(ECF No. 7-1, pages 16 and 19).

The Parole Board's decision-making process and function when evaluating whether to grant parole is distinct and separate from its process and function when evaluating whether to revoke parole. When determining whether to grant parole or reparole, the Parole Board is statutorily required to consider, among others, the factors enumerated above and in the Parole

Board's Notice of Decision. *Id*. *See also*, 61 Pa C.S. § 6135. As stated above, "federal courts on habeas review, are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for the challenged decision." Hunterson v. DiSabato, 308 F.3d 236, 246 (3d Cir. 2002). Here, the denial of reparole was based upon non-arbitrary, statutorily required factors. The requirements of substantive due process have been met. As such, the Court finds that Petitioner is not entitled to relief on this claim.

C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. 2254(c)(2). Here, the record fails to show a violation of Petitioner's constitutional rights. Accordingly, a certificate of appealability should be denied.

III. **CONCLUSION**

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied. It is further recommended that there is no basis upon which to grant a certificate of appealability.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and the Local Rules of Court, the parties shall have until **August 29, 2014** to file written objections to this Report and Recommendation. Any party opposing such

objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: August 12, 2014

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc: MATTHEW P. CLAPPER  
     EF-5316  
     SCI-Mercer  
     801 Butler Pike  
     Mercer, PA 16137  

     Kara W. Haggerty  
     PA Board of Probation and Parole  
     Email: karhaggert@pa.gov